UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BRICKLAYERS INSURANCE AND
WELFARE FUND, BRICKLAYERS PENSION
FUND, BRICKLAYERS SUPPLEMENTAL
ANNUITY FUND, BRICKLAYERS AND
TROWEL TRADES INTERNATNIOAL
PENSION FUND, NEW YORK CITY
AND LONG ISLAND JOINT
APPRENTICESHIP AND TRAINING FUND,
INTERNATIONAL MASONRY INSTITUTE,
and JEREMIAH SULLIVAN, JR, in his fiduciary
Capacity as Administrator, BRICKLAYERS
LOCAL 1, INTERNATIONAL UNION
BRICKLAYERS AND ALLIED CRAFT
WORKERS, and BRICKLAYERS LABOR
MANAGEMENT RELATIONS COMMITTEE,

                Plaintiffs,         **REPORT AND RECOMMENDATION**
                                   **10 CV 3554 (RRM)(LB)**

     -against-

ROMAN RESTORATION,

                Defendant.

------------------------------------------------------------X
BLOOM, United States Magistrate Judge:

      Plaintiffs bring this civil action against Roman Restoration seeking to recover unpaid

employee benefit fund contributions, dues, assessments, and costs, pursuant to Sections 502 and

515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132

and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29

U.S.C. § 185.  Despite service of the summons and complaint, defendant has failed to plead or

otherwise defend this action.  Plaintiffs move for a default judgment pursuant to Rule 55 of the

Federal Rules of Civil Procedure.  The Honorable Roslynn R. Mauskopf referred plaintiffs'

motion for a default judgment to me for a Report and Recommendation in accordance with 28

1

U.S.C. § 636(b).  For the reasons set forth below, it is respectfully recommended that plaintiffs' motion for a default judgment should be granted and that a default judgment should be entered against defendant for: $6,785.75 in unpaid contributions; $1,751.28 in interest on outstanding contributions; $1,357.15 in liquidated damages on outstanding contributions; $546.07 in unpaid dues; $126.84 in interest on outstanding dues and assessments; and $464.51 in costs.

## BACKGROUND

Plaintiffs, Bricklayers Insurance and Welfare Fund, Bricklayers Pension Fund, Bricklayers Supplemental Annuity Fund, Bricklayers and Trowel Trades International Pension Fund, New York City and Long Island Joint Apprenticeship and Training Fund, and the International Masonry Institute (collectively the "Funds") are each an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  Docket entry # 1, Compl. ¶ 3.  Plaintiff Bricklayers Local 1, International Union of Bricklayers and Allied Craftworkers ("Local 1") is a labor organization within the meaning of Section 301 of the LMRA and plaintiff Bricklayers Labor Management Relations Committee ("LMRC") is established and maintained under Section 302(c)(a) of the LMRA.  Id. ¶ 4,5.  Defendant Roman Restoration is an employer maintaining offices and conducting business in the State of New York.  Id. ¶ 6.  The plaintiffs and defendant are parties to a collective bargaining agreement ("CBA") under which defendant has agreed to make contributions to the funds, Local 1, and LMRC on behalf of covered employees of defendant.  Id. ¶ 7.

The CBA defines when contributions to the Funds and dues and assessments to Local 1 and LMRC are timely submitted as well as the consequences for late payment, including the obligation to pay interest and liquidated damages on fringe benefit contributions.  Docket entry #

6-3, Wasserman Aff. ¶ 7.  Plaintiffs' application for monetary damages is based on defendant's alleged failure to make the required payments.

On August 25, 2010, plaintiffs served defendant with the summons and complaint in this action.  Id. at Ex. B.  When defendant failed to respond to the complaint, plaintiffs requested that a default be entered against defendant and moved for default judgment.  Docket entry # 6.  The Clerk of Court noted defendant's default.  Docket entry # 7.

DISCUSSION

I.    Liability

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment.  Fed. R. Civ. P. 55(b)(2).  In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored."  Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  "Accordingly, just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right."  Mktg. Devs., Ltd. v. Genesis Imp. & Exp., Inc., No. 08 Civ. 3168, 2009 WL 4929419, at *6 (E.D.N.Y. Oct. 6, 2009) (Pollak, M.J.)(citing Erwin DeMartino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).

On a motion for default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted."  Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,

109 F.3d 105, 108 (2d Cir. 1997). In determining whether to issue a default judgment, the Court

has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper

basis for liability and relief." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150,

153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).

In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged

facts constitute a legitimate cause of action, since a party in default does not admit conclusions

of law." Rolls-Royce PLC, 688 F. Supp. 2d at 153 (citation omitted).

The factual allegations in plaintiffs' complaint establish defendant's liability under

Section 515 of ERISA, which provides that:

> Every employer who is obligated to make contributions to a multiemployer plan
> under the terms of the plan or under the terms of a collectively bargained
> agreement shall, to the extent not inconsistent with law, make such contributions
> in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Plaintiffs allege that the CBA required defendant to make contributions to the

Funds. Wasserman Aff. ¶ 7. Defendant's failure to make the required contributions constitutes a

violation of ERISA.

Section 301(a) of the LMRA provides that "[s]uits for violation of contracts between an

employer and a labor organization representing employees in an industry affecting commerce . . .

may be brought in any district court of the United States having jurisdiction of the parties." 29

U.S.C. § 185(a). Under Section 301 of the LMRA, an employer may be held liable for failing to

make contributions to employee benefit plans or failing to remit dues and assessments withheld

from employee paychecks to the union as required by a collective bargaining agreement. See

Brown v. C. Volante Corp., 194 F.3d 351, 354 (2d Cir. 1999); Trs. Of the Plumbers Local Union

No. 1 Welfare Fund v. Philip Gen. Contr., No. 05-CV-1665, 2007 WL 3124612, at * 4 (E.D.N.Y.

Oct. 23, 2007) (Mann, M.J.). As stated above, plaintiffs allege that defendant failed to pay

required dues and assessments to Local 1 and LMRC, as required by the CBA. Wasserman Aff. ¶ 7. Defendant's failure to pay dues and assessments constitutes a breach of the CBA, and thus, defendant is liable under Section 301 of the LMRA.

As the factual allegations in plaintiffs' complaint, accepted as true, establish defendant's liability under Section 515 of ERISA and Section 301 of the LMRA, it is respectfully recommended that plaintiffs' motion for a default judgment should be granted.

## II.    Damages

It is well established that a default constitutes an admission of well-pleaded factual allegations in the complaint, *except* those relating to damages. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint, with respect to the amount of the damages are not deemed true."); Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). The Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2). However, the Court is not required to hold a hearing, as "[d]etailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing." Chanel, Inc. v. Louis, No. 06-CV-5924, 2009 WL 4639674, at *11 (E.D.N.Y. Dec. 7, 2009) (Ross, J.) (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)). On a motion for default judgment, a plaintiff has the burden to prove damages to the Court with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc., 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111).

Plaintiffs support their claim for damages with the following documents: the affidavit of Jeremiah Sullivan, the President of Local 1 and the administrator of the Funds, detailing

plaintiffs' calculation of damages ("Sullivan Aff."); the affidavit of plaintiffs' attorney, James Wasserman, also describing plaintiffs' calculation of damages ("Wasserman Aff."); the CBA and applicable rates of contributions, see Exs. A & B to Sullivan Aff.; an audit report covering January 1, 2007 through June 30, 2009, and the affidavit of Gary Stenz, a staff member of Schultheis & Panettieri, Certified Public Accountants, explaining the audit and underlying documents ("Stenz Aff."). These submissions provide a sufficient basis for the Court to determine damages. Accordingly, a hearing on damages is not necessary.

Section 502 of ERISA sets forth the damages that are recoverable for an employer's failure to remit contributions as required by Section 515 of ERISA. Section 502 provides that:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
>
> > (A) the unpaid contributions,
> > (B) interest on the unpaid contributions,
> > (C) an amount equal to the greater of –
> > > (i) interest on the unpaid contributions, or
> > > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> > (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> > (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

A.     Unpaid Contributions

Plaintiffs seek unpaid contributions to the Funds for the period from January 1, 2007 through June 30, 2009. Plaintiffs retained a certified public accounting firm to conduct an audit of defendant's business records from this time period. In addition the audit report itself, plaintiffs provide an affidavit from the auditor explaining how the audit was conducted. Docket

entry # 11, Stenz Aff, Ex. A. "[T]he opinion of an auditor is a sufficient basis for an award of a specific amount of damages," if it is "adequately explained and credited by the Court." Philip Gen. Construction, 2007 WL 3124612, at * 10. See also Grabois v. Action Acoustics, Inc., 94-cv-7386, 1995 WL 662127, at * 5 n.3 (S.D.N.Y. Nov. 9, 1995) (NRB) ("Courts have found it appropriate to rely on an audit or an auditor's opinion to prove that defendant employers did not make required contributions to funds."). After examining payroll records, tax documents, and shop steward reports, the auditor determined that defendant failed to make contributions to the Funds for four employees in December 2008 in the amount of $8,636.02. Stenz Aff. ¶¶ 3-5. Plaintiffs state that "after all payments by defendant have been credited" the balance now due should be $7,395.25. Wasserman Aff. ¶ 8. However, upon comparing the rates employed by the auditor and those provided by plaintiffs, I find that the auditor did not use the rates of contributions set forth in the CBA for 2008. Cf Stenz Aff. ¶ 4, Ex. A at p. 8, with Docket entry # 10, Sullivan Aff. at Ex. B. Applying the appropriate rates of contribution, the Court finds that defendant owes plaintiff $8,026.52.[1] Reducing that number by the $1,240.77 payment apparently made by defendant, I respectfully recommend that plaintiffs should be awarded $6,785.75 in delinquent contributions owed to the Funds.

B.      Interest on Unpaid Contributions

Plaintiffs also seek interest on unpaid contributions due to the Funds. Section 502 of ERISA provides that "interest on unpaid contributions shall be determined by using the rate provided for under the plan, or if none, the rate prescribed under section 6621 of Title 26." 29

---

[1] This is the sum of journeyman hours (234) x rate of fringe benefit contribution ($24.56) plus apprentice hours (196) x rate of fringe benefit contribution ($11.63). The Court derived the contribution rates by adding all of the rates set forth in Ex. B to the Sullivan Aff., except for the rates attributed to Labor Management Relations Committee, Local Dues # 1 Check-Off, I.U. Dues Check-Off, Defense/Organizing Fund, I.U. BAC PAC, and Local BAC PAC.

U.S.C. § 1132(g)(2). Pursuant to the CBA, the applicable interest rate on delinquent contributions to the Funds is 10% per year. Sullivan Aff., Ex. A p. 19. The interest due on unpaid contributions to the Funds, assessed from the end of January 2009, the date the principal was due, through the end of August 2011, is $1,751.28.[2]

C. Liquidated Damages

Plaintiffs seek liquidated damages on unpaid contributions due to the Funds. Section 502 of ERISA provides for liquidated damages in an amount equal to the greater of the interest due on the unpaid contributions, or up to twenty percent of the unpaid contributions as provided in the CBA. 29 U.S.C. § 1132(g)(2)(C). Here, the CBA provides for liquidated damages in the amount of twenty percent of the unpaid contributions. Sullivan Aff., Ex. A, p. 19-20. Twenty percent of $6,785.75 is $1,357.15. Accordingly, it is respectfully recommended that the Funds be awarded $1,357.15 in liquidated damages.

D. Unpaid Dues and Assessments

Local 1 and LMRC seek unpaid dues and assessments in the amount of $585.97. Defendant's obligation to make these payments and the applicable rates of payment per employee per hour of work are set forth in the CBA. Sullivan Aff. ¶ 6, Ex. B. Although the auditor states that $838.50 is owed to the non-ERISA funds, plaintiffs state that only $585.97 is due, presumably because plaintiffs have taken into account payments defendant made in the amount of $252.53. See Stenz Aff. ¶ 5, Wasserman Aff. ¶¶ 8, 9. The auditor appears to have

_____

[2] This number is the product of the principal due ($6785.75) x days between January 31, 2009 and August 31, 2011 (942) x daily interest rate (.1/365). Although the motion for default judgment requested interest calculated to a date in 2010, in response to a Court order directing plaintiffs to supplement the record, plaintiffs assert that a higher amount of interest is due and owing in light of the passage of time. Cf Wasserman Aff. ¶¶ 11-12, with Stenz Aff ¶ 7. I consider plaintiffs' request as amended and recommend that the Court calculate interest on unpaid contributions, dues, and assessments from the date the principal was due until August 31, 2011.

applied inaccurate rates here as well. The correct sum owed to plaintiffs for dues and assessments is $798.60.[3] Subtracting defendant's payment from this amount, I respectfully recommend that Local 1 and LMRA should be awarded $546.07 for unpaid dues and assessments.

E.      Interest on Unpaid Dues and Assessments

"An award of prejudgment interest for LMRA claims ... is permitted in a court's discretion and at a rate within that court's discretion." Lanzafame v. Dana Restoration, Inc., 09-CV-873, slip copy, 2011 WL 1100111, at * 4 (E.D.N.Y. Mar. 2, 2011) (Vitaliano, J.). "In awarding interest, a court may look to state law to determine an appropriate rate." Id. Sections 5001 and 5004 of the New York Civil Practice Law and Rules provide for a 9% per annum pre-judgment interest award. Plaintiffs provide no support for their assertion that they are entitled to 10% per annum interest "under New York law." Wasserman Aff. ¶ 12. Accordingly, I find that a 9% per annum interest rate is appropriate here. See e.g., Lanzafame v. Toquir Contracting, Inc., 545 F. Supp. 2d 255, 258 (E.D.N.Y. 2007); Bricklayers Ins. & Welfare Fund v. Topline Constr., Inc., No. 03-CV-487, 2006 WL 3337509, at * 5 (E.D.N.Y. Sept. 6, 2006) (Go, M.J.). I respectfully recommend that Local 1 and LMRC should be awarded $126.84 in interest on unpaid dues and assessments.[4]

F.      Costs

Plaintiffs seek to recover costs related to litigating this action. Specifically, plaintiffs

---

[3] This number is the sum of journeyman hours (234) x hourly rates of dues and assessments ($1.88) and apprentice hours (196) x hourly rates of dues and assessments ($1.83). These rates reflect the sum of rates attributed to the Labor Management Relations Committee, Local Dues # 1 Check-Off, I.U. Dues Check-Off, Defense/Organizing Fund, I.U. BAC PAC, and Local BAC PAC in Ex. B to the Sullivan Aff.

[4] This is the product of the principal due ($546.07) x days out (942) x daily interest rate (.09/365).

seek $464.51 in costs, which includes $350 for filing the complaint. Wasserman Aff. ¶ 13. This amount is reasonable. Cf Finkel v. Rico Elec., Inc., No. 07-CV-2145, 2009 WL 3367057, at *27 (ARR)(SMG) (awarding $931.46 in costs for filing, service, postage, and photocopying in ERISA default action). Accordingly, it is respectfully recommended that plaintiffs should be awarded $464.15 in costs.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that plaintiffs' motion for a default judgment should be granted and that a default judgment should be entered against defendant Roman Restoration for: $6,785.75 in unpaid contributions; $1,751.28 in interest on unpaid contributions; $1,357.15 in liquidated damages; $546.07 in unpaid dues and assessments; $126.84 in interest on unpaid dues and assessments; and, $464.51 in costs. Plaintiffs are hereby ordered to serve a copy of this Report upon defendant at its last known address and file proof of service with the Court.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file objections. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen day period. Failure to file a timely objection to this Report waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated:  August 24, 2011
       Brooklyn, New York