UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
BRICKLAYERS INSURANCE AND
WELFARE FUND, BRICKLAYERS PENSION
FUND, BRICKLAYERS SUPPLEMENTAL
ANNUITY FUND, BRICKLAYERS AND
TROWEL TRADES INTERNATIONAL
PENSION FUND, NEW YORK CITY
AND LONG ISLAND JOINT
APPRENTICESHIP AND TRAINING FUND,
INTERNATIONAL MASONRY INSTITUTE,
And JEREMIAH SULLIVAN, JR., in his fiduciary
Capacity as Administrator, BRICKLAYERS
LOCAL 1, INTERNATIONAL UNION
BRICKLAYERS AND ALLIED CRAFT
WORKERS, and BRICKLAYERS LABOR
MANAGEMENT RELATIONS COMMITTEE,

        Plaintiffs,

                                                    **ORDER**
    - against -                                       10-CV-3554 (RRM)(LB)

ROMAN RESTORATION,

        Defendant.
----------------------------------------------------------------------X

**ROSLYNN R. MAUSKOPF, United States District Judge.**

    Plaintiffs bring this civil action against Roman Restoration seeking to recover unpaid employee benefit fund contributions, dues, assessments, and costs, pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Despite service of the summons and complaint, defendant has failed to plead or otherwise defend this action. Plaintiffs moved for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure, and this Court referred that motion for a default judgment to the assigned Magistrate Judge, the Honorable Lois Bloom, for a Report and Recommendation (the "R&R") in accordance with 28 U.S.C. § 636(b).

On August 24, 2011, Judge Bloom issued an R&R recommending that default judgment enter in favor of plaintiffs in the total amount of $11,031.60. Judge Bloom reminded the parties that, pursuant to Rule 72(b), any objections were due 14 days from the date of service of the R&R. However, because plaintiffs failed to effect such service on defendant until September 7, 2011, this Court extended the time to file objections until September 22, 2011. *See* Order of September 13, 2011 (Doc. No. 17). To date, no party has filed any objections.[1]

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Accordingly, the R&R is adopted in its entirety. It is hereby ORDERED that plaintiffs' motion for default judgment (Doc. No. 6) is GRANTED. Judgment shall enter against defendant Roman Restoration in the total sum of $11,031.60, representing: $6,785.75 in unpaid contributions; $1,751.28 in interest on unpaid contributions; $1,357.15 in liquidated damages; $546.07 in unpaid dues and assessments; $126.84 in interest on unpaid dues and assessments; and $464.51 in costs.

The Clerk of Court is directed to enter judgment accordingly, mail a copy of this Order and the Judgment both to defendant, and to Scott Roman in care of Roman Restoration, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
      September 23, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] In a letter dated September 13, 2011, (*see* Doc. No. 16), Scott Roman, the principal of defendant Roman Restoration, requested an opportunity to "argue this case" and "to make a motion to remove the judgment . . . and not be considered for default judgment." The Court denied that request and advised Mr. Roman that should defendant "wish to file any objections to the Report and Recommendation, it must do so no later than September 22, 2011 . . . and only through counsel who has properly entered in this action a Notice of Appearance on behalf of defendant." (*See* Doc. No. 17).